IN RE DISQUALIFICATION OF MARSH.

THE STATE OF OHIO v. ARNETT.

[Cite as *In re Disqualification of Marsh* (1999), 88 Ohio St.3d 1207.]

(No. 99–AP–012—Decided February 22, 1999.)

MOYER, C.J.  This affidavit of disqualification filed by Charles H. Bartlett, Jr., counsel for defendant James F. Arnett, seeks the disqualification of Judge Melba D. Marsh from further proceedings regarding the above-captioned case.

In January 1998, Judge Marsh sentenced the defendant to consecutive terms totaling fifty-one years following the defendant's plea of guilty to ten counts of rape involving a minor child under thirteen years of age and one count of pandering.  In announcing her sentence, Judge Marsh quoted from the Bible as a deciding factor in her determination of an appropriate sentence.  The defendant appealed the sentence imposed by Judge Marsh, contending that the judge considered her religious beliefs as a factor in imposing the sentence, contrary to law.  On February 5, 1999, the court of appeals agreed with the defendant's contention and concluded that Judge Marsh impermissibly factored religion into her sentencing decision.  The court vacated the defendant's sentence and re-manded the case to the trial court for resentencing.

Affiant now contends that Judge Marsh should be disqualified from the resentencing hearing because she has "an obvious and apparent bias and preju-dice against the defendant" that creates a reasonable question regarding her impartiality.  Judge Marsh denies any animosity toward the defendant and states that she will follow the law in resentencing him.

Having reviewed the record before me, which includes a transcript of the initial sentencing hearing and the opinion of the court of appeals, I find that Judge Marsh's disqualification is neither necessary nor appropriate.  The court of appeals held that Judge Marsh's use of religion as a factor in imposing the sentence was inappropriate and contrary to law under these circumstances.  However, as noted by Judge Hildebrandt in his dissenting opinion, there is no indication that Judge Marsh's comments were the product of any bias or animosity toward the defendant.  Other than the statements made by Judge Marsh at the sentencing hearing, affiant has failed to provide any evidence of bias

or animosity, and I cannot conclude that these statements alone affirmatively demonstrate the existence of bias or prejudice. Moreover, I do not find it necessary to disqualify Judge Marsh from the resentencing hearing to avoid the appearance of impropriety or because her impartiality might reasonably be questioned. Her written response to the affidavit of disqualification makes it clear that she understands the mandate of the appellate court's opinion and will follow the applicable law in resentencing the defendant.

For these reasons, the affidavit of disqualification is found not well taken and denied. The case shall proceed before Judge Marsh.